# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MSI PILLARS, LTD.,

       Plaintiff,          :          Case No. 3:07-cv-110

                                          District Judge Walter Herbert Rice
     -vs-                                 Chief Magistrate Judge Michael R. Merz

                                    :

CITY COMMISSION OF THE
CITY OF SPRINGFIELD, OHIO, et al.,

       Defendants.

## REPORT AND RECOMMENDATIONS

This case is before the Court on Defendants' Motion to Dismiss (Doc. No. 3) which Plaintiff opposes (Doc. No. 4); Defendants have not filed a reply memorandum in support.

The case was referred to the undersigned United States Magistrate Judge in the Preliminary Pretrial Conference Order of February 15, 2008 and pursuant to 28 U.S.C. § 636(b)(Doc. No. 8) . The Order expressly refers motions to dismiss under Fed. R. Civ. P. 12. Such motions are classified as "dispositive" by 28 U.S.C. § 636 and Fed. R. Civ. P. 72, requiring that a magistrate judge file a recommended disposition of such motions.

The Complaint asserts that this Court has subject matter jurisdiction of this case because it arises under 42 U.S.C. § 1983, bringing the case within the grants of jurisdiction in 28 U.S.C. §§ 1331 and 1343(3)(Doc. No. 2, ¶ 4). It also asserts the Court has "pendant" jurisdiction under 28 U.S.C. § 1337(a). *Id*. at ¶ 5.

The Complaint alleges that by enacting a series of city ordinances, the Defendants have placed Plaintiff's property (described as four parcels in downtown Springfield with addresses on

1

West Columbia and North Plum Streets, collectively the "Property") in a building permit moratorium area, preventing it from renovating and thereafter operating its nursing home at that location. These acts are said to have rendered the Property "nearly valueless" (Complaint, Doc. No. 2, at ¶ 52). They are also said to have constituted an unlawful taking, a denial of equal protection, a denial of due process and just compensation, all in violation of the Fifth and Fourteenth Amendments to the United States Constitution and a taking of property without due course of law in violation of Art. I, § 16, of the Ohio Constitution. *Id*. at ¶¶ 54, 55, 56, and 57. In Count II Plaintiff alleges these acts constitute an "administrative taking" of the Property. *Id*. at ¶ 60. Plaintiff seeks compensatory and punitive damages.

Defendants[1] move for dismissal under Fed. R. Civ. P. 12(b)(1), asserting that Plaintiff has not alleged sufficient facts to bring this action within the subject matter jurisdiction of this Court. In particular, Defendants assert Plaintiff's claims are not ripe for federal adjudication because they have not exhausted their state remedy of mandamus, relying on *Coles v. Granville*, 448 F.3d 853, 865 (6th Cir. 2006).

In response, Plaintiff asserts that the Defendants' Motion is addressed only to a taking which has not yet happened, to wit, "defendants' announced intention to purchase or to appropriate Pillars' vacant building." (Memorandum Opposing Motion to Dismiss, Doc. No. 4, at 1.) Instead, Plaintiffs assert, their Complaint is directed to the taking which has already happened by virtue of Defendants' expanding the building permit moratorium area.

*Coles* is directly in point. In that case, the Sixth Circuit held:

> Today, Ohio has "reasonable, certain, and adequate procedures" for
> plaintiffs to pursue compensation for an involuntary taking . . . .

---

[1]The Complaint makes it clear that Defendants Copeland, Taylor, Duncan, Martin, and O'Neill, City Commissioners of the City of Springfield, are sued only in their official capacities. Since the City of Springfield is also sued, naming the individual Commissioners in their official capacities is surplusage.

> Over the last ten years Ohio courts, including the Ohio Supreme Court, have consistently recognized mandamus as the vehicle with which to contest an involuntary taking, no matter whether that taking is a regulatory or a physical one, and no matter whether the public actor is a state or local entity.

*Coles v. Granville*, 448 F.3d at 865. Under Ohio law, recognized in *Coles*, mandamus is the appropriate action to compel public authorities to institute appropriation proceedings where an involuntary taking of private property is alleged. *State ex rel. Shemo v. City of Mayfield Heights*, 95 Ohio St. 3d 59, 63, 765 N.E. 2d 345 (2002), *citing State ex rel. Elsass v. Shelby Cty. Bd. of Commrs.*, 92 Ohio St. 3d 529 at 533, 751 N.E.2d 1032 (2001). It is undisputed that Plaintiff has not instituted a mandamus action to compel Defendants to institute appropriation proceedings for the taking it alleges it has suffered.

Plaintiff suggests it escapes the *Coles* rationale because it has lost its license to operate a nursing home and its Certificate of Need from the Ohio Department of Health. However, the Complaint and motion papers make it clear that Defendants did not revoke or suspend Plaintiff's nursing home license; rather, the license expired because Plaintiff closed the nursing home and did not reopen for more than a year. Similarly the Certificate of Need was not suspended or revoked by Defendants; Plaintiff admits it was "withdrawn" by the Ohio Department of Health.

Plaintiff asserts this is not an appropriate case for Ohio mandamus because it is not an action "for land appropriation." (Memorandum Opposing, Doc. No. 4.) But it is Plaintiff itself who reminds the Court that property "most often refers not to a particular physical object, but rather to the legal bundle of rights recognized in that object." *Id.*, *quoting R.S.W.W., Inc., v. City of Keego Harbor*, 397 F.3d 427, 436 (6th Cir. 2005). What Plaintiff seeks to litigate is the loss of the value of the Property by virtue of denial of a building permit; Plaintiff claims that the denial has rendered the Property "nearly valueless." That is a "takings" claim which must first be litigated in Ohio mandamus.

Plaintiff also asserts this Court should exercise jurisdiction because otherwise Plaintiff might be deemed to be barred by the two-year statute of limitations applicable to § 1983 cases. Plaintiff points to no case law allowing federal courts to exercise subject matter jurisdiction over a case to protect a plaintiff's statute of limitations position. Under *Williamson County Regional Planning Commission v. Hamilton Bank*, 473 U.S. 172 (1985), a takings claim is not ripe for federal adjudication until the landowner had completed the mandamus action. That lack of ripeness does not mean that federal courts can create an exception to 28 U.S.C. §1738 to allow a federal forum for the takings claim. *Remo Hotel, L.P., v. City and County of San Francisco*, 545 U.S. 323, 125 S. Ct. 2491 (2005). Nor can we create an exception to the ripeness doctrine to keep the statute of limitations from running.

Because Plaintiff's takings claim is not ripe, this Court lacks subject matter jurisdiction of the case, which should be dismissed without prejudice on that basis.

February 19, 2008.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).