# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MSI PILLARS, LTD.,

       Plaintiff,                  :        Case No. 3:07-cv-110

                                              District Judge Walter Herbert Rice
   -vs-                                   Chief Magistrate Judge Michael R. Merz

                                      :

CITY COMMISSION OF THE
CITY OF SPRINGFIELD, OHIO, et al.,

       Defendants.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

       This case is before the Court on Plaintiff's Objections and Supplemental Objections (Doc. Nos. 10, 11) to the Magistrate Judge's Report and Recommendations (Doc. No. 9) recommending that Defendants' Motion to Dismiss (Doc. No. 3) be granted. Defendants have responded to the Objections (Doc. No. 12). Plaintiff requested oral argument which was conducted April 30, 2008, and has been transcribed (Doc. No. 14).

       The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

       The Complaint alleges that by enacting a series of city ordinances, the Defendants have placed Plaintiff's property (described as four parcels in downtown Springfield with addresses on West Columbia and North Plum Streets, collectively the "Property") in a building permit moratorium area, preventing it from renovating and thereafter operating its nursing home at that location. These acts are said to have rendered the Property "nearly valueless" (Complaint, Doc. No. 2, at ¶ 52). They are also said to have constituted an unlawful taking, a denial of equal protection,

a denial of due process and just compensation, all in violation of the Fifth and Fourteenth Amendments to the United States Constitution and a taking of property without due course of law in violation of Art. I, § 16, of the Ohio Constitution. *Id*. at ¶¶ 54, 55, 56, and 57. In Count II Plaintiff alleges these acts constitute an "administrative taking" of the Property. *Id*. at ¶ 60. Plaintiff seeks compensatory and punitive damages.

Defendants[1] move for dismissal under Fed. R. Civ. P. 12(b)(1), asserting that Plaintiff has not alleged sufficient facts to bring this action within the subject matter jurisdiction of this Court. In particular, Defendants assert Plaintiff's claims are not ripe for federal adjudication because they have not exhausted their state remedy of mandamus, relying on *Coles v. Granville*, 448 F.3d 853, 865 (6th Cir. 2006).

In the original Report, the Magistrate Judge opined that "*Coles* is directly in point" (Report, Doc. No. 9, at 2) and quoted language in which the Sixth Circuit held Ohio has a reasonable, certain, and adequate procedure in which a plaintiff can pursue compensation for an involuntary taking:

> Today, Ohio has "reasonable, certain, and adequate procedures" for plaintiffs to pursue compensation for an involuntary taking . . . . Over the last ten years Ohio courts, including the Ohio Supreme Court, have consistently recognized mandamus as the vehicle with which to contest an involuntary taking, no matter whether that taking is a regulatory or a physical one, and no matter whether the public actor is a state or local entity.

*Coles v. Granville*, 448 F.3d at 865. The Report further notes:

> Under Ohio law, recognized in *Coles*, mandamus is the appropriate action to compel public authorities to institute appropriation proceedings where an involuntary taking of private property is alleged. *State ex rel. Shemo v. City of Mayfield Heights*, 95 Ohio St. 3d 59, 63, 765 N.E. 2d 345 (2002), *citing State ex rel. Elsass v. Shelby Cty. Bd. of Commrs.*, 92 Ohio St. 3d 529 at 533, 751 N.E.2d

---

[1]The Complaint makes it clear that Defendants Copeland, Taylor, Duncan, Martin, and O'Neill, City Commissioners of the City of Springfield, are sued only in their official capacities. Since the City of Springfield is also sued, naming the individual Commissioners in their official capacities is surplusage.

2

>1032 (2001).  It is undisputed that Plaintiff has not instituted a mandamus action to compel Defendants to institute appropriation proceedings for the taking it alleges it has suffered.

In its Objections, Plaintiff aggregates its plans for a new building, its operating rights for a skilled nursing facility in that building (two wit, a license for such a facility), its Certificate of Need from the Ohio Department of Health for such a facility at that location, and its "business enterprise" together and labels the package "Vested Rights" then asserts "[t]his case is about MSI Pillars' Vested Rights that Defendant took by a regulatory taking."  (Objections, Doc. No. 10, at 3.)  The act which Plaintiff asserts constitutes the regulatory taking is adoption by Defendant of an ordinance creating a moratorium on issuance of building permits for the real property where Plaintiff planned to build and operate the skilled nursing facility.  Defendant does not deny that it adopted the ordinance and that the ordinance in question has the effect of preventing Plaintiff from using the land as it intended for a skilled nursing facility.  Plaintiff applied to the City Manager for an exception which was denied, and the City Commission affirmed that denial[2].  Plaintiff further alleges and the City does not deny (at least for purposes of this Motion) that, because Plaintiff could not "obligate" its Certificate of Need, the Certificate expired on September 14, 2006.

Plaintiff asserts and Defendant does not deny that the taking here, if one exists, is a regulatory rather than a physical taking.  Plaintiff asserts that the Vested Rights are "intangibles." While that is true, they are all intangible rights with respect to real property.  That is to say, the Certificate of Need was to operate a skilled nursing facility on a particular piece of land in Springfield, Ohio.  The same is true of the nursing home license.  And the City did not expropriate those rights for public use.  Instead, it passed an ordinance which made it impossible for Plaintiff to use those rights.

---

[2]Plaintiff admitted at oral argument that it had taken no appeal from that decision under Ohio Revised Code § 2506.01, et seq.

3

Finally, Plaintiff asserts that, even if the Court finds its claim is not ripe for federal adjudication, it should leave the case pending and abstain, pending an attempted mandamus action in the state courts.

## Analysis

Having carefully considered the arguments made by the parties, both in writing and during oral argument, the Magistrate Judge remains persuaded that this case is governed by *Coles v. Granville, supra*. The Sixth Circuit has recently held:

> *Coles* thus affirmed that the primary inquiry, at least for purposes of assessing ripeness, is whether or not an Ohio takings plaintiff has fully exhausted his state mandamus remedies before coming to federal court. If he has, then the case is ripe for our review. If he has not, then it is not. *Coles* further held that in assessing the ripeness of a takings claim, it is wholly immaterial whether the alleged taking is styled as "physical" or "regulatory." This notion is consistent with the Supreme Court's recent recognition in *Lingle* that the line between physical and regulatory takings is fuzzy at best. For example, while there are several different paths of inquiry in regulatory takings cases, "[e]ach aims to identify regulatory actions that are functionally equivalent to the classic taking in which government directly appropriates private property or ousts the owner from his domain."

*River City Capital v. Bd. of County Commissioners*, 491 F.3d 301, 307 (6th Cir. 2007), quoting *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 539 (2005).

The *River City* court quoted also noted that takings claims are not ripe for federal court review, quoting the following from the applicable United States Supreme Court case:

> The recognition that a property owner has not suffered a violation of the Just Compensation Clause until the owner has unsuccessfully attempted to obtain just compensation through the procedures provided by the State for obtaining such compensation is analogous to the Court's holding in *Parratt v. Taylor*, 451 U.S. 527, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981). There, the Court ruled that a person deprived of property through a random and unauthorized act by a state employee does not state a claim under the Due

4

> Process Clause merely by alleging the deprivation of property. In such a situation, the Constitution does not require predeprivation process because it would be impossible or impracticable to provide a meaningful hearing before the deprivation. Instead, the Constitution is satisfied by the provision of meaningful postdeprivation process. Thus, the State's action is not "complete" in the sense of causing a constitutional injury "unless or until the State fails to provide an adequate postdeprivation remedy for the property loss." *Hudson v. Palmer,* 468 U.S. 517, 532, n. 12, 104 S. Ct. 3194, 3203, n. 12, 82 L. Ed. 2d 393 (1984). Likewise, because the Constitution does not require pretaking compensation, and is instead satisfied by a reasonable and adequate provision for obtaining compensation after the taking, the State's action here is not "complete" until the State fails to provide adequate compensation for the taking.
> *Williamson County Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 195, 105 S. Ct. 3108, 87 L. Ed. 2d 126 (1985). The critical lesson to be derived from Williamson is that prior to exercising jurisdiction over a takings case, a federal court must first inquire into whether or not the relevant state compensation procedures are "reasonable, certain, and adequate." *McNamara*, 473 F.3d at 638 (citing *Williamson*, 473 U.S. at 194).

*River City,* 491 F. 3d at 306-307.

For the reasons cited in the original Report, we cannot create an exception to the ripeness doctrine to keep the statute of limitations from running.

The Magistrate Judge again respectfully recommends that the Complaint herein be dismissed without prejudice for lack of ripeness and therefore subject matter jurisdiction.

May 23, 2008.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because

5

this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).