IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MSI PILLARS, LTD, :

    Plaintiff, :

                                        Case No. 3:07cv110

    vs. :

                          JUDGE WALTER HERBERT RICE

CITY COMMISSION OF SPRINGFIELD, :
OHIO, et al., :

    Defendants. :

___

DECISION AND ENTRY OVERRULING PLAINTIFF'S OBJECTIONS (DOC. #10, AS SUPPLEMENTED BY DOC. #11, AND DOC. #16) TO INITIAL (DOC. #9) AND SUPPLEMENTAL (DOC. #15) REPORTS AND RECOMMENDATIONS OF MAGISTRATE JUDGE; INITIAL AND SUPPLEMENTAL REPORTS AND RECOMMENDATIONS, AS SUPPLEMENTED HEREIN, ADOPTED; DEFENDANTS' MOTION TO DISMISS (DOC. #3) SUSTAINED; JUDGMENT TO BE ENTERED IN FAVOR OF DEFENDANTS AND AGAINST PLAINTIFF, DISMISSING PLAINTIFF'S COMPLAINT, WITHOUT PREJUDICE, FOR WANT OF SUBJECT MATTER JURISDICTION; TERMINATION ENTRY

___

    The Plaintiff brought this litigation, setting forth a claim under 42 U.S.C. § 1983, predicted on the Takings Clause of the Fifth Amendment, seeking to recover compensation for injuries it alleges to have suffered as a result of a taking of its property by the Defendants. In particular, the Plaintiff contends that the Defendants took its property on April 12, 2005, when they enacted a moratorium on the issuance of building permits in the downtown area of Springfield, an action

which prevented the Plaintiff from obtaining a building permit for the four parcels of real estate it owns.  The Plaintiff had sought the building permit in order to renovate the nursing home located on that real property.  The lack of the building permit prevented Plaintiff from renovating the nursing home, which, in turn, caused the Certificate of Need ("CON") it had obtained from the Ohio Department of Health ("ODH"), for the renovated nursing home, to expire by operation of law.

The Defendants moved to dismiss this litigation for want of subject matter jurisdiction, arguing that, in accordance with Williamson Planning Comm'n v. Hamilton Bank, 473 U.S. 172 (1985), Plaintiff's claim is not ripe.  See Doc. #3. This Court referred that matter to Judge Michael Merz for a Report and Recommendations.  That judicial officer issued a Report and Recommendations (Doc. #9), recommending that the Court sustain the Defendants' motion, and the Plaintiff objected thereto.  See Doc. #10, as supplemented by Doc. #11. Thereafter, Judge Merz conducted oral argument on the matter, after which he issued a Supplemental Report and Recommendations (Doc. #15), once again recommending that this Court sustain the Defendants' motion.  The Plaintiff has objected to that judicial filing (see Doc. #16), and the Defendants have submitted a Memorandum in Opposition.  See Doc. #18.  The Court now rules on the Plaintiff's Objections (Doc. #10, as supplemented by Doc. #11, and Doc. #16) to the Initial (Doc. #9) and Supplemental (Doc. #15) Reports and Recommendations of the Magistrate Judge.[1]

---

[1] The Plaintiff has requested that this Court conduct oral argument on its Objections (Doc. #16).  The Court will decline that request.  The Plaintiff has filed three memoranda and has participated in oral argument before Judge Merz, addressing the question of whether its takings claim is ripe.  A transcript of that oral argument has been filed and reviewed.  See Doc. #14.  If Plaintiff has not been able to

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, this Court must conduct a <u>de novo</u> review of Judge Merz's Supplemental Report and Recommendations.  <u>See</u> <u>Massey v. City of Ferndale</u>, 7 F.3d 506, 510-511 (6th Cir. 1993); <u>Roland v. Johnson</u>, 856 F.2d 764, 768- 69 (6th Cir. 1988).

For the reasons set forth by Judge Merz in his Initial (Doc. #9) and Supplemental (Doc. #15) Reports and Recommendations, as well as for the following non-exclusive reasons, this Court agrees with Judge Merz that, in accordance with <u>Williamson</u>, the Plaintiff's claim is not ripe and that, therefore, this Court lacks subject matter jurisdiction over that claim.  As did Judge Merz, this Court places primary reliance on <u>Coles v. Granville</u>, 448 F.3d 853 (6th Cir. 2006) and <u>River City Capital v. Bd. of County Commissioners</u>, 491 F.3d 301 (6th Cir. 2007).  In addition, however, it bears emphasis that any taking of Plaintiff's property by Defendants was of the real property on which the nursing home is located, since the refusal to grant the requested building permit limited Plaintiff's rights with respect to that realty.  Therefore, Plaintiff must attempt to secure compensation for that taking through the Courts of Ohio.  <u>Williamson</u>, 473 U.S. at 194-95.  As to Plaintiff's fear that it may not be able to recover compensation in state court for the profits it claims to have lost, as a result of not being able to operate a nursing home on its real property, this Court notes that the Supreme Court has held that a party cannot recover lost profits caused by the taking of real property.  <u>United States v. General Motors Corp.</u>, 323 U.S. 373 (1945).

---

explain its position with three briefs and one oral argument, it is unlikely that another opportunity to participate in oral argument would suffice.

- 3 -

- 4 -

Accordingly, the Court overrules Plaintiff's Objections (Doc. #10, as supplemented by Doc. #11) to the Magistrate Judge's Initial Report and Recommendations (Doc. #9), and Plaintiff's Objections (Doc. #16) to the Magistrate Judge's Supplemental Report and Recommendations (Doc. #15). The Court adopts those judicial filings, as supplemented herein, and sustains the Defendants' Motion to Dismiss (Doc. #3). Judgment is to be entered in favor of Defendants and against Plaintiff, dismissing Plaintiff's Complaint, without prejudice, for want of subject matter jurisdiction.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

September 30, 2008

                                            /s/ Walter Herbert Rice
                                             WALTER HERBERT RICE, JUDGE
                                             UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record.